**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ROBERT DEMISON III, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:25-cv-174-JDK-KNM |
| | § | |
| BRYAN COLLIER, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Robert Demison, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division proceeding pro se, filed this lawsuit complaining of alleged deprivations of his constitutional rights. Docket No. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On October 8, 2025, Judge Mitchell issued a Report and Recommendation recommending that the Court dismiss this case with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted, but without prejudice as to any claims which Plaintiff may assert against the officials named in his second motion for emergency relief. Docket No. 14. Plaintiff objected. Docket No. 16.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen

days).

Plaintiff's objections read, in their entirety, as follows:

Motion for Objections. (1) I Plaintiff would like to object to the document #14 (i.e. the Magistrate Judge's Report) 10/8/2025 via 42 U.S.C. § 1985(3) claims. (2) I Plaintiff would like to appeal the judgment without prejudice for failure to state a claim under 42 U.S.C. § 1985(3) second motion for emergency relief etc. See attachments.

There are no attachments to the notice of appeal, and while it is not clear from the face of the objections filed, Plaintiff may be referring to the attachments to his original complaint, which the Magistrate Judge addressed in the Report. The Fifth Circuit has stated that "parties filing objections [to a Magistrate Judge's Report] must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Battle v. U.S. Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987); *see also Mosley v. Quarterman*, 306 F.App'x 40, 42 n. 2 (5th Cir. 2008); FED. R. CIV. P. 72(b)(2). This means that a party must point out with particularity any alleged errors in the Magistrate Judge's analysis, and objections which merely re-urge arguments contained in the original briefing are not proper and will not be considered. *See Edmond v. Collins*, 8 F.3d 290, n.7 (5th Cir. 1993); *Gray v. Winco Foods, L.L.C.*, 683 F.Supp.3d 571, n.3 (E.D. Tex. 2023).

Plaintiff's objections here are entirely conclusory and general, and present no basis upon which to reject the Magistrate Judge's Report. Although Plaintiff's objections refer to 42 U.S.C. § 1985(3), neither his original nor his amended complaints contain any mention of race-based animus or a conspiracy to deprive him of his individual constitutional rights. Any claim based upon § 1985(3) was thus raised for the first time in Plaintiff's objections to the Magistrate Judge's Report and is not properly before the district court. *Omran v. Prator*, 674 F.App'x 353, 355 (5th Cir. 2016), citing *Finley v.*

*Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001). In any event, Plaintiff presents no facts that plausibly set out a potential claim under § 1985(3). His objections are therefore without merit.

Plaintiff also states that he would like to appeal the judgment. No judgment had been announced or entered, however, at the time he filed his objections. Under Rule 4(a)(2), a notice of appeal filed before the entry of judgment, but after the court announces a decision or order, is treated as filed on the date of and after the entry of judgment. FED. R. APP. P. 4(a)(2). In this case, because no judgment had been announced or entered when Plaintiff filed the document expressing his intent to appeal, it cannot be treated as a notice of appeal because it is premature. *See FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 276 (1991); *United States v. Cooper*, 135 F.3d 960, 963 (5th Cir. 1998). Should Plaintiff wish to appeal the final judgment in this case, he may do so by filing a proper notice of appeal within 30 days after this judgment is entered.

Having conducted a careful de novo review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. *See* 28 U.S.C. § 636(b)(1) (A district judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.")

It is accordingly **ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 14) is **ADOPTED** as the opinion of the District Court. It is further **ORDERED** that the above-styled civil action is

**DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted, but without prejudice as to any claims which Plaintiff may assert against the officials named in his second motion for emergency relief, and without prejudice as to any claims which Plaintiff may assert based upon 42 U.S.C. § 1985(3).  It is further **ORDERED** that any and all motions in this case not previously ruled upon are **DENIED**.

So **ORDERED** and **SIGNED** this **25th** day of **February, 2026.**

_____

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

.